# SUPREME JUDICIAL COURT

#### FOR THE

### COUNTIES OF HAMPSHIRE, FRANKLIN AND HAMPDEN, SEPTEMBER TERM 1837, AT NORTHAMPTON.

##### PRESENT:

Hon. LEMUEL SHAW, Chief Justice,
Hon. SAMUEL PUTNAM, ⎫
Hon. SAMUEL S. WILDE, ⎪
Hon. MARCUS MORTON, ⎬ Justices.
Hon. CHARLES A. DEWEY, ⎭

---

SAMUEL C. GIBBS, Petitioner for Mandamus, *versus* THE COUNTY COMMISSIONERS OF HAMPDEN.

The judgment of the county commissioners upon a complaint for the abatement of a tax, is a judicial act, and consequently a mandamus does not lie to compel them to revise such a decision.

If, in such a case, they err in matters of law, a writ of certiorari is the proper remedy.

THE petitioner represents, that in the assessment of the taxes of the town of Blandford for the years 1834, 1835 and 1836, he was overrated; that he made application, according to law, to the assessors, to abate his taxes, which they refused to do; that he thereupon made application to the county commissioners, for the same purpose; and that they, having heard and examined his case, also decided against

an abatement. He now alleges that they decided contrary to law, and prays for a mandamus to command them to make an abatement.

*R. A. Chapman* and *Ashmun*, for the petitioner.

*Per Curiam.* If the commissioners had refused to hear and determine upon the complaint, this Court would have issued a mandamus requiring them to do it. But the question whether the petitioner's taxes should be abated or not, was a judicial question. And although it is within the province of this Court to require the commissioners to decide the question, yet we have no power to decide it for them or to determine what decision they shall make. No judicial officer, in determining a matter legally submitted to his discretion, can ever be required to be governed by the dictates of any judgment but his own. *Chase* v. *Blackstone Canal Co.* 10 Pick. 244 ; *United States* v. *Lawrence*, 3 Dallas, 42. We are clearly of opinion, that in refusing to abate the petitioner's taxes the commissioners acted judicially, upon a subject of which they had final jurisdiction, and in which the exercise of their discretion cannot be revised by any other tribunal. Revised Stat. *c.* 7, § 37, 39.

If the commissioners, in their proceedings, erred in matters of law, the petitioner may have a writ of certiorari. If this will give him no adequate redress of any grievance which he may have sustained, it is the fault of the law and not of the Court. It is like many other cases depending on the discretion of courts of limited and special jurisdiction.

*Petitioner takes nothing, &c.*

Gibbs, Petitioner, &c.
*v.*
The County Commissioners of Hampden.

*Sept. 29th.*